**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

| | | |
|---|---|---|
| CHANNEL BIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:22-cv-346 |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| LYNN FISHER, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff Channel Bio, LLC, by and through its undersigned counsel, and files this Complaint against Defendant Lynn Fisher, alleging as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Channel Bio, LLC ("Channel Bio"), is a limited liability company whose sole member is American Seeds, LLC.  American Seeds, LLC, is a limited liability company whose sole member is Monsanto Company ("Monsanto").  Monsanto is a Delaware corporation with its principal place of business in Creve Coeur, Missouri.

2. Upon information and belief, Defendant Lynn Fisher ("Fisher") is a resident of the State of Iowa.

3. On August 6, 2014, Defendant Lynn executed a Seed Distribution Agreement with Channel Bio (the "Seedsman Agreement") (attached hereto as Exhibit 1), whereby Lynn consented to this Court's jurisdiction.  Exhibit 1 ¶ 19.

4. Channel Bio seeks damages from Defendant Lynn in the amount of $77,282.18, plus pre- and post-judgment interest and attorneys' fees.

5. Jurisdiction and venue are therefore proper in this Court under 28 U.S.C. §§ 1332(a), 1391(b), and 105(a)(1).

**Facts Common to All Counts**

6. Channel Bio develops, manufactures, licenses, and sells crop seed.

7. Often, when Channel Bio sells its crop seed, it extends credit to the purchasers through its "HarvestPlan" financing program.

8. Upon information and belief, Fisher conducts a farming operation in Keswick, Iowa.

9. In August of 2015, Fisher applied for credit to purchase seed through Channel Bio's HarvestPlan financing program ("Financing Application").

10. Under the express terms of those Financing Applications, Fisher agreed to "pay Channel [Bio] according to the terms of the Channel HarvestPlan Program for the applicable year."

11. In 2019, the Channel HarvestPlan Program provided that payment was due on November 25, 2019.

12. Nonetheless, Fisher failed to make payments under the terms of the Financing Applications and Channel HarvestPlan Program as they became due on November 25, 2019.

13. Specifically, on November 25, 2019, Fisher failed to pay to Channel Bio his outstanding balance of $77,282.18.

14. Fisher's Financing Application provided for the accrual of interest on any payments made after the due date.

15. In addition to the Financing Application, Fisher also entered into a Seedsman Agreement with Channel Bio, which allowed Fisher to act as Channel Bio's sales representative for the promotion, marketing, sale, and delivery of Channel brand seed.

16. The Seedsman Agreement expressly obligated Fisher to comply with all additional terms set forth in the Channel Bio Seedsman "Handbook" for the applicable period.

17. Under the 2019 Handbook, Fisher agreed to accept full responsibility for the past due balances of any grower to whom he transferred ownership of Channel brand seed.

18. Per the express terms of the 2019 Handbook, any past due payments would incur an 18% annual default late fee.

## Count I – Breach of the Financing Application

19. Channel Bio expressly incorporates the allegations in paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Fisher entered into an agreement—namely, the Financing Application—with Channel Bio to make credit payments under the HarvestPlan as they became due.

21. Channel Bio fully performed its obligations under the Financing Application, including and without limitation providing Fisher with crop seed on a credit basis.

22. Fisher breached the Financing Application by failing to pay the amount due and owing under the application, which amount as of November 25, 2019, was $77,282.18, with interest accruing thereafter.

23. Although Channel Bio has made demands to Fisher for payment, Fisher has failed and refused to pay Channel Bio the amount he owes.

24. As a direct and proximate result of Fisher's breach, Channel Bio has suffered damages in the amount of $77,282.18, plus applicable interest.

WHEREFORE, Channel Bio respectfully requests that this Court enter judgment against Fisher and in favor of Channel Bio on Count I of this Complaint in the amount of $77,282.18, plus

interest, costs and fees incurred in bringing this action, and for such other and further relief as this Court deems just and proper under the circumstances.

## Count II – Breach of the Seedsman Agreement

25. Channel Bio expressly incorporates the allegations in paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Fisher entered into an agreement with Channel Bio—namely, the Seedsman Agreement—whereby he agreed to assume full responsibility for the past due balances of any grower to whom he transferred ownership of Channel brand seed.

27. Further, under the Seedsman Agreement, Fisher agreed to pay for any purchases of seed for his own farm.

28. Channel Bio fully performed its obligations under the Seedsman Agreement.

29. Fisher breached the Seedsman Agreement by failing to pay for crop seed purchased for his own farm and/or for the past due balance of those growers to whom he transferred ownership of Channel brand seed, which total amount as of November 25, 2019, was $77,282.18, with interest accruing.

30. Although Channel Bio has made demands to Fisher for payment, Fisher has failed and refused to pay Channel Bio the amount he owes.

31. As a direct and proximate result of Fisher's breach, Channel Bio has suffered damages in the amount of $77,282.18, plus applicable interest.

WHEREFORE, Channel Bio respectfully requests that this Court enter judgment against Defendant Lynn and in favor of Channel Bio on Count II of this Complaint in the amount of $77,282.18, plus interest and costs and fees incurred in bringing this action, and for such other and further relief as this Court deems just and proper under the circumstances.

### Count III – Unjust Enrichment

32. Channel Bio expressly incorporates the allegations in paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Channel Bio provided goods of real and substantial value to Fisher—namely, crop seed.

34. Channel Bio provided these goods with the expectation of receiving payment in exchange thereof, as evidenced by the terms of the Seedsman Agreement and the Financing Application.

35. Fisher accepted the crop seed from Channel Bio without objection.

36. Fisher has refused to make payment for the crop seed under inequitable and/or unjust circumstances by not forwarding full payment to Channel Bio, and retention of such a benefit without payment is unjust.

37. As a result of the unjust benefit rendered to Fisher, Channel Bio has been damaged in the amount of at least $77,282.18, plus interest.

WHEREFORE, Channel Bio respectfully requests that this Court enter judgment against Fisher and in favor of Channel Bio on Count III of this Complaint and award Channel Bio actual damages, plus interest, costs and fees incurred in bringing this action, and for such other and further relief as this Court deems just and proper under the circumstances.

### Count IV – Quantum Meruit

38. Channel Bio expressly incorporates the allegations in paragraphs 1-37 of this Complaint as if fully set forth herein.

39. Fisher requested crop seed from Channel Bio on credit.

40. Channel Bio provided the requested crop seed on credit to Fisher, for which, after applying all payments, credits, and/or refunds, Fisher still owes Channel Bio the principal sum of $77,282.18, plus interest.

41. Fisher accepted the crop seed from Channel Bio without objection.

42. The amount Channel Bio charged for the crop seed was fair and reasonable.

43. Fisher's retention of the crop seed provided by Channel Bio without full payment to Channel Bio would be inequitable.

44. As a result, Channel Bio has been damaged in the amount of at least $77,282.18, plus interest.

WHEREFORE, Channel Bio respectfully requests that this Court enter judgment against Fisher and in favor of Channel Bio on Count IV of this Complaint and award Channel Bio actual damages, plus interest, costs and fees incurred in bringing this action, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

By: */s/ Matthew R. Grant*
Matthew R. Grant, #50312MO
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500
(314) 480-1505 Fax
matt.grant@huschblackwell.com

*Attorney for Plaintiff Channel Bio, LLC*